INGRAHAM, McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

In the Matter of the Appraisal under the Act in Relation to Taxable Transfers of Property of the Property of PAUL AUGUSTE ELEONORE MAJOT, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; ANNE PICAT MAJOT, as Administratrix, etc., Respondent.

First Department, December 10, 1909.

**Tax — transfer tax — marriage in foreign country — no exemption acquired under foreign law.**

Although citizens of France were married in that country and the law of that country gave husband and wife a community of interest in property owned or subsequently acquired by either, by becoming citizens of the United States they submitted themselves and their property acquired here to the local tax laws. Hence, on the death of the husband, the wife cannot assert that one-half of the husband's property is exempt from a transfer tax because she is owner of it through her marital relation to him.

*It seems*, that had there been an express ante-nuptial contract vesting the wife with a half interest in her husband's property, it would not be taxable.

SCOTT and CLARKE, JJ., dissented, with opinion.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 22d day of June, 1909, reversing an order entered on the 22d day of December, 1908, fixing a transfer tax upon the estate of the decedent.

*Millard H. Ellison*, for the appellant.

*Coudert Brothers*, for the respondent.

HOUGHTON, J.:

The decedent was a citizen of France and married the respondent in that country and they migrated to the United States,

First Department, December, 1909. :                [Vol. 135.

where decedent died a resident of the State of New York, intestate, owning real property therein and possessed of certain personal property.     The marriage in France was without express ante-nuptial contract, but by the Civil Code of France a marriage without express contract gives a community of interest in the property owned by either party to the marriage at the time of its celebration, as well as any property subsequently acquired by either or both.

The respondent claims that by virtue of her marriage with the deceased in France, under the law giving her community of interest in whatever property her husband had or should acquire, she is entitled to one-half of his real and personal property free from the transfer tax imposed by the laws of the State of New York and the learned surrogate has so held.     We think such a contention cannot be upheld.     The decedent when he became a citizen and resident of the State of New York submitted himself and his property to its laws, and especially to its laws respecting taxation.     The Transfer Tax Law imposing a tax upon the transfer of any property by will or intestate law of the State, or in contemplation of death, is a part of the State system of taxation for the raising of revenue for State purposes.     Without doubt there are within the State of New York men who married their wives in every civilized and semi-civilized country of the world and afterwards migrated to this country, and have already or will accumulate property within this State.     In those countries in which they were married various and peculiar laws governing marital rights and community of interest in property no doubt exist.     Whatever may be the ethics with respect to comity between nations, or the opinion of learned writers on the subject, it is apparent that this State cannot recognize in the exemption of property from taxation through transfer by death all of these various laws of the several countries from which its residents originally may have come.     It must be held for our own preservation and the upholding of our own system of taxation, in the absence of an express ante-nuptial contract at least, that the various common or statutory laws of the several countries giving community or other interest to husband and wife, do not constitute a contract capable of nullifying the laws of the State in respect to the taxation of the transfer of property on death.     There is very grave doubt whether

the law of France with respect to community of interest on marriage does more than create a status between the parties so long as they remain in France and with respect to property in France. When a citizen of France voluntarily removes to another country and becomes a resident thereof, he loses that status and does not take with him a partnership contract enforcible contrary to the law of the country which he adopts.

The learned surrogate placed his decision upon the authority of *Bonati* v. *Welsch* (24 N. Y. 157). In that case a Frenchman sold real property belonging to his wife with her consent, and retained the proceeds. By the law of France he had the right, with her consent, to sell her property and to retain possession of the proceeds; but in case he had not repaid her before death she had a claim which was declared to be a preferred one against his estate for reimbursement. This claim was recognized by our courts and allowed. Stress is laid, however, in the opinion upon the fact that the deceased became possessed of the money in France and brought it away with him, and that the wife always remained in France, where the husband abandoned her.

That decision comes far short of holding that the law of community of interest read into the marriage contract in France applies to property acquired outside of France after the parties have ceased to be residents and citizens, and against the express tax law of their adopted residence.

Had there been an express ante-nuptial contract our courts would no doubt recognize it as was done in *Decouche* v. *Savetier* (3 Johns. Ch. 190), and property passing by virtue of such express agreement would be in satisfaction of a debt or obligation and would not be taxable because it would not be transferred in the manner specified by the Transfer Tax Law. (*Matter of Baker*, 83 App. Div. 530; affd. on opinion below, 178 N. Y. 575.)

Our conclusion is that the one-half of the property of the decedent is not exempt from taxation, and that the order of the surrogate so adjudging was erroneous and must be reversed, and the order made upon the appraisal affirmed, with costs to the appellant.

INGRAHAM and LAUGHLIN, JJ., concurred; SCOTT and CLARKE, JJ., dissented.

SCOTT, J. (dissenting):

Paul A. E. Majot and his wife were married in France, in which country they were both then domiciled. At some time after their marriage they moved to and became domiciled in this country, where Majot acquired certain real and personal property. He died intestate, leaving his widow and two children. He and his wife did not execute a written marriage contract. The widow claims that by virtue of the term imported into the marriage contract by the French law she is entitled as survivor to one-half of decedent's property, and that her right to receive it depending upon her contract right and not upon a will of the decedent or the intestate laws of this State, the property so received is not liable to taxation under the Transfer Tax Law. (See Laws of 1896, chap. 908, § 220 et seq., as amd.) It seems to be conceded on all hands that this contention on the part of the widow would be entirely sound if the parties had entered into a written marriage contract providing for a community of goods. (Decouche v. Savetier, 3 Johns. Ch. 190; Bonati v. Welsch, 24 N. Y. 157; Matter of Baker, 83 App. Div. 530; affd. on opinion below, 178 N. Y. 575.) The parties having been married in France, then the country of their domicile, the terms of their contract of marriage, with the resulting rights and obligations, were determined by the lex loci contractus. (Bonati v. Welsch, supra.) The law of France prescribes that in default of a special agreement the law of community prevails. By the French Civil Code (§ 1400 et seq.) the community consists of any personal property either spouse owned individually before the marriage and all personal and real property acquired during coverture, with certain exceptions not important here. In case of death of one of the spouses the assets of the community, after all debts are paid, are to be divided equally between the estate of the decedent and the survivor, who receives his or her half of the property in his or her own right as part owner thereof, and not in succession to the deceased. Bonati v. Welsch (supra) dealt with a marriage contracted under such circumstances, and held that a wife whose husband had deserted her and had come to America, leaving her behind in France, was entitled to share in the community property by virtue of the contract made between the parties by operation of the French law. The Supreme Court of the United States had before it a case arising under the Civil Code of

Porto Rico, which is similar to the French Civil Code. Said the
court : " Between the husband and wife, by virtue of the marriage, in
the absence of a contract to the contrary, a legal community super-
vened." (*Garzot* v. *De Rubio*, 209 U. S. 299, 300.) In England
it is well settled that the terms of the law are to be read into the
marriage contract in the absence of an express agreement. In *De
Nichols* v. *Curlier* (L. R. App. Cas. [1900] 21) Lord HALSBURY said :
" I am wholly unable to understand why the mere putting into writing
the very same contract which the law created between them without
any writing at all should bar the husband from altering the contract
relations between himself and his wife, when, if the law creates that
contract relation, then the husband is not barred from getting rid of
the obligation which upon his marriage the law affixed to the trans-
action. * * * The French marriage confers not only an implied,
but an actual binding partnership proprietary relation fixed by the
law upon the persons of the spouses, the binding nature of which,
it appears to me, no act of either of the parties contracting marriage
can affect or qualify." Commenting upon the foregoing decision,
in considering another phase of the same litigation, KEKEWICH, J.,
said : " The decision proceeded on the broad principle that a contract
operating by force of law in the absence of expression by the parties
is as complete and obligatory as a contract expressed, and must
have effect given to it on the same footing. Unless, therefore, there
is some inherent disability in some particular property, * * *
it must equally be applied to and enforced against all falling within its
scope." (*De Nichols* v. *Curlier*, L. R. 2 Ch. Div. [1900] 410.) It
seems to me, therefore, that it must be held, both on reason and
authority, that the contract which the parties entered into between
themselves by their marriage included an agreement for community
of property as confirmed by the laws of France. If so, it could
only be abrogated by mutual consent, of which there is no evidence.
But it is said that the contract ceased to be operative when both
parties assumed a domicile in this country. If so, it must be because
a mutual revocation is to be presumed from the fact of a change of
domicile. I am unable to see on what principle such a presumption
can be arrived at. The general rule is that a contract made abroad,
and legal where made, will be enforced here unless repugnant to,
or inconsistent with, our own laws. A contract for community of

property is neither inconsistent nor repugnant to our laws, but, on the contrary, similar contracts between our own citizens are favored and have frequently been enforced. Such a contract was well likened by KEKEWICH, J., to a copartnership. It is well established that a copartnership may be created by parol, even to deal in real estate. If such a copartnership were created and the real estate was held in the name of one of the parties, upon a dissolution of the partnership by his death it would hardly be claimed that the share or interest of the surviving copartner passed to him by virtue of the intestate laws or was subject to a transfer tax. The analogy between that case and the present seems to me to be complete. The marriage contract between Majot and his wife respecting the ownership of the community property was no different from any partnership contract between parties competent to contract. So long as it contravenes no law of this State, it should be recognized and respected.

In my opinion the surrogate was right and his order should be affirmed.

CLARKE, J., concurred.

Order reversed and order made upon appraisal affirmed, with costs to appellant. Settle order on notice.